UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:97-cr-00202-TLN |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTOPHER PARKER, | |
| Defendant. | |

On March 27, 2015, Defendant Kenneth Parks ("Defendant"), a federal prisoner proceeding pro se, filed a motion with this Court seeking to recall the mandate. (ECF No. 433.) Defendant maintains that District Court Judge Lawrence Karlton failed to instruct Defendant as to his right to appeal under Federal Rule of Criminal Procedure 32(j)(1)(B) ("Rule (j)(1)(B)") at his August 14, 2001 resentencing hearing.[1] (ECF No. 433 at 3.) In his motion, Defendant indicates that he has been "searching for the correct vehicle in which to put his case before the Court" and therefore files the instant motion as a request that this Court recall the mandate. (ECF No. 433 at 2.) For the following reasons, Defendant's request is hereby DENIED.

---

[1] Defendant's motion cites Rule 32(a)(2). (ECF No. 433 at 3.) However, the rule was amended in 1984 and section 32(a) was removed in its entirety. PL 98–473 (HJRes 648), October 12, 1984, 98 Stat 1837. Therefore, the Court construes this motion to be filed under Rule 32(j)(1)(B), which provides similar instruction: "Appealing a Sentence: After sentencing – regardless of the defendant's plea – the court must advise the defendant of any right to appeal the sentence."

1

First, a motion to recall the mandate is not the appropriate vehicle for Defendant's request. A mandate is a command issued from the appellate court in the form of "a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. Appellate Pro. 41. A petitioner who believes the appellate court has misapplied the law or overlooked an issue of law may move for the court to recall its mandate. *Faust v. United States*, 28 F.3d 105 (9th Cir. 1994). In this instance, the appellate court is the Ninth Circuit, which heard Defendant's appeal on a different matter within his case and issued a mandate in his favor on November 16, 2004. (ECF No. 406.) Therefore, only the Ninth Circuit can recall a mandate – "[a] district court is without power to do anything ... contrary to either the letter or spirit of the mandate." *Washington State Health Facilities Ass'n v. State of Wash.*, 925 F.2d 1472 (9th Cir. 1991)(internal citations omitted).

In addition, the issue before the Ninth Circuit was entirely distinct from the issue Defendant presents to this Court today. On November 16, 2004, the Ninth Circuit Court issued a judgment in favor of Defendant, vacating the Court's order and remanding the case. (ECF No. 406.) At that time, Defendant sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that the lower court made an error in Defendant's sentencing calculation in violation of the doctrine established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (ECF No. 402.) In the instant action, Defendant maintains the Court failed to instruct him of his right to appeal under Federal Rule of Criminal Procedure 32(j)(1)(B). (ECF No. 433 at 3.) Therefore, recall of the Ninth Circuit's mandate would have no effect on Defendant's current motion.

Moreover, even if the Court was to construe Defendant's motion as an appeal from his sentence through some other vehicle, the motion would be denied. Following his resentencing, Defendant had 14 days after entry of judgment to appeal his sentence. Fed. R. Appellate Pro. 4(b)(1)(A). Defendant's resentencing took place before Judge Lawrence Karlton on August 14, 2001, and was entered on August 21, 2001. (ECF No. 367, 386.) Because Defendant did not file the instant motion under Rule 32(j)(1)(B) until March 25, 2015, almost 14 years after his resentencing, Defendant's motion is time barred.

For the reasons set forth above, Defendant's motion to recall the mandate is hereby DENIED.

Dated: August 17, 2015

_____
Troy L. Nunley
United States District Judge