UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:97-cr-0202-TLN-EFB P |
| Respondent, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER PARKER | |
| Movant. | |

     Christopher Parker (movant) has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 448. He argues that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (*Johnson II*)[2], armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is no longer a 'crime of violence' within the meaning of 924(c)(3). In *Johnson II*, the Supreme Court held that the residual clause[3]

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:16-cv-3063-TLN-EFB.

[2] In recent years the Supreme Court has issued two *Johnson* decisions which are commonly referred to as *Johnson I* and *Johnson II*. *Johnson I* refers to *Johnson v. United States*, 559 U.S. 133 (2010) wherein the court held that the term 'physical force' contained in the Armed Career Criminal Act (ACCA) definition of 'violent felony' "means violent force – that is force, capable of causing physical pain or injury to another person." *Id*. at 559 U.S. at 140. Unlike its successor, *Johnson I* did not substantively address the ACCA's residual clause.

[3] 18 U.S.C. § 924(c)(3)(B) defines "violent felony" in the context of the ACCA and provides that such an act includes one that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury*

1

of the Armed Career Criminal Act ("ACCA") – 18 U.S.C. § 924(e)(2)(B) – was void for vagueness. *Johnson*, 135 S. Ct. at 2554. Movant now contends that, in light of *Johnson II*, an armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) is no longer a "crime of violence" under the 'force clause' of 18 U.S.C. § 924(c)(3)(A) because it does not require the intentional use or threat of violent physical force insofar as it may be accomplished with unintentional or non-violent intimidation. He also argues that the holding in *Johnson II* renders the residual clause contained in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague and, thus, armed bank robbery cannot qualify as a "crime of violence" under that clause, either.

The government has filed an opposition to the motion (ECF No. 453) and movant has submitted a reply (ECF No. 454). The court, for the reasons stated hereafter, recommends that movant's motion be denied.

I.      Law Applicable to Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

*to another.*" The Supreme Court noted that the closing words, emphasized above, have become known as the residual clause. *Johnson*, 135 S. Ct. at 2555-56.

Claims or arguments raised on appeal are not cognizable in a § 2255 motion.  *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding.").  *See also Davis v. United States*, 417 U.S. 333, 342 (1974) (issues determined in a previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law).  Conversely, claims that could have been, but were not, raised on appeal are not cognizable in § 2255 motions.  *United States v. Frady*, 456 U.S. 152, 168 (1982( (a collateral challenge is not a substitute for an appeal); *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal"); *Unites States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal").  Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (same).  "Ineffective assistance of counsel constitutes 'cause' for failure to raise a challenge prior to section 2255 collateral review." *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993).

Claims challenging the sufficiency of the evidence are not cognizable in § 2255 motions.  *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence against him" was not cognizable in § 2255 motion); *Barkan v. United States*, 362 F.2d 158, 160 (7th Cir. 1966) ("a collateral proceeding under section 2255 cannot be utilized in lieu of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal"); *United States v. Collins*, 1999 WL 179809 (N.D. Cal. Mar. 25, 1999) (insufficiency of the evidence is not a cognizable attack under section 2255).

II.     Analysis

As noted, movant argues that his sentences under §924(c) must be vacated because armed bank robbery as defined in § 2113 does not, after *Johnson II*, qualify as a crime of violence under either the force clause of § 924(c)(3)(A) or the residual clause of §924(c)(3)(B). At the time movant's motion was filed, this was an unsettled question in this circuit. That is no longer the case. In *United States v. Watson*, the United States Court of Appeals for the Ninth Circuit explicitly held that federal armed bank robbery remained a crime of violence within the meaning of 18 U.S.C. § 924(c). 881 F.3d 782 (2018). This holding is obviously binding on this court and forecloses any further argument on this issue.

III.     Conclusion

Accordingly, it is RECOMMENDED that:

1.   Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 448) be denied; and

2.   The Clerk be directed to close the companion civil case, No. 2:16-cv-3063-TLN-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  June 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4