# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA

v.

**CHRISTOPHER PARKER**

**THIRD AMENDED JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: **2:97CR00202-01**

Ann McClintock, Esq.
Defendant's Attorney

Date of Original Judgment:  **08/14/01**
(Or Date of Last Amended Judgment)

**THE DEFENDANT:**

[ ]  pleaded guilty to count(s): ____.
[ ]  pleaded nolo contendere to counts(s) ____ which was accepted by the court.
[✓]  was found guilty on count(s) I through IX of the 4th Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ____ and is discharged as to such count(s).
[ ]  Count(s) ____ (is)(are) dismissed on the motion of the United States.
[ ]  Indictment is to be dismissed by District Court on motion of the United States.

[✓]  Appeal rights given.        [ ]  Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid

5/17/2021
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

**TROY L. NUNLEY,** United States District Judge
Name & Title of Judicial Office

5/20/2021
Date

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy | 04/01/97 | I |
| 18 USC 2113(a) & (d) & 2 | Armed Bank Robbery, Aiding & Abetting | 12/20/96 | II |
| 18 USC 924(c)(1) & 2 | Use of a Firearm, Aiding & Abetting | 12/20/96 | III |
| 18 USC 2113(a) & (d) & 2 | Armed Bank Robbery, Aiding & Abetting | 02/13/97 | IV |
| 18 USC 924(c)(1) and 2 | Use of a firearm, Aiding & Abetting | 02/13/97 | V |
| 18 USC 2113(a) & (d) & 2 | Armed Bank Robbery, Aiding & Abetting | 02/14/97 | VI |
| 18 USC 924(c)(1) & 2 | Use of a Firearm, Aiding & Abetting | 01/14/97 | VII |
| 18 USC 2113(a) & (d) & 2 | Armed Bank Robbery, Aiding & Abetting | 03/15/97 | VIII |
| 18 USC 924(c)(1) | Use of a Firearm | 03/15/97 | IX |

CASE NUMBER: 2:97CR00202-01                                                                                       Judgment - Page 3 of 8
DEFENDANT: CHRISTOPHER PARKER

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of *TIME SERVED*.

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[ ]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
     [ ]  at _____ on _____.
     [ ]  as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ]  before ___ on _____.
     [ ]  as notified by the United States Marshal.
     [ ]  as notified by the Probation or Pretrial Services Officer.
     If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                            _____
                                            UNITED STATES MARSHAL

                                    By  _____
                                                Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
*For offenses committed on or after September 13,1994:*

[✓}   The defendant shall refrain from any unlawful use of a controlled substance.   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.   (Check if applicable.)

[✓]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).   The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant.   Failure to submit to a search may be grounds for revocation.   The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

3. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

4. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of $5 per month.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|              | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals:      | $ 900.00   | $    | $ 49,297.99 |

[ ]    If applicable, restitution amount ordered pursuant to plea agreement .......... $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).   All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   [ ]    The interest requirement is waived.
   [ ]    The interest requirement is modified as follows:

## RESTITUTION

[ ]    The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days.   An amended Judgment in a Criminal Case will be entered after such determination.

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   [ ]    The interest requirement is waived.
   [ ]    The interest requirement is modified as follows:

[✓]    The defendant shall make restitution to the following payees through the U.S. District Court, in the amounts listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| (See attached sheet) |  |  |  |
|  | TOTALS: | $ __ | $ __ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Name of Payee

| Date of Offense** | Victim | Joint and Several Codefendants | Restitution Amount |
|---|---|---|---|
| February 13, 1997 | Home Savings<br>4701 Freeport Blvd.<br>Sacramento, CA 95822 | James Johnson<br>Napolean Elder<br>Spencer Sawyer | $2,793.00 |
| February 14, 1997 | Bank of America<br>3810 Broadway<br>Sacramento, CA 95817 | James Johnson<br>Napolean Elder<br>Spencer Sawyer | $12,819.99 |
| March 15, 1997 | Home Savings Bank<br>4701 Freeport Blvd.<br>Sacramento, CA 95822 | James Johnson<br>Napolean Elder<br>Spencer Sawyer | $878.00 |
| December 20, 1996 | Bank of America<br>5744 Stockton Blvd.<br>Sacramento, CA 95824 | Napolean Elder<br>Jeffrey Elder<br>Spencer Sawyer | $32,087.00 |

TOTAL: $ 49,297.99

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [✔]  immediately; or

B  []   $ __  immediately, balance due (in accordance with C, D, or E); or

C  []   not later than __ ; or

D  []   in installments to commence __ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  []   in __ (e.g. equal, weekly, monthly, quarterly) installments of $ __ over a period of __ year(s) to commence day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[]   The defendant shall pay the cost of prosecution.

# FORFEITURE

[]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.   All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.